UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| ALICIA BRYAN | * | CIVIL ACTION NO. 13-0499 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SECURITIES AND EXCHANGE COMMISSION | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Quash [doc. # 1] filed by Plaintiff Alicia Bryan, seeking to quash a Securities and Exchange Commission ("SEC") investigative subpoena of bank records from United States Bank National Association ("U.S. Bank") [doc. # 1]. Defendant SEC filed an opposition to Plaintiff's Motion to Quash [doc. # 4] arguing that the Court should deny the motion as untimely and, in the alternative, that the SEC investigation is a legitimate law enforcement inquiry. *See* [doc. # 4]. The matter is now before the court.[1]

## Background

According to Defendant's opposition[2], the SEC is investigating Plaintiff in connection

---

[1] As this order does not address one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor disposes of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2] Defendant's opposition has been verified by Peter Del Greco, an attorney with the SEC's Division of Enforcement, who is one of the persons designated by the SEC to perform all duties in connection with the investigation of Plaintiff, including issuance of subpoenas. *See* [doc. # 4-1, P. 1].

with Maxum Gold Bank Ltd. ("Maxum Gold") to determine whether Plaintiff and the organization "violated antifraud and other provisions of the federal securities laws by making false representations to person investing in Maxum Gold as to the rates of return and Maxum Gold's use of investor money." [doc. # 4, P. 3].  In essence, Defendant alleges that Maxum Gold's investment scheme "is a fraud and . . . a Ponzi scheme," and that Plaintiff has "played a critical role in the solicitation of investors in Maxum Gold, including providing them with documents promoting the investment scheme and hosting conference calls with . . . [an owner of Maxum Gold] and others in which the investment scheme is promoted." *Id.* at 4.  Defendant also alleges that Plaintiff "appears to be Maxum Gold's primary U.S. based facilitator" and conducts business through an entity known as A&B Consulting, LLC, of which Defendant has evidence that Plaintiff is the founder and Managing director. *Id.*  Defendant states that it possesses "bank records of Maxum Gold evidencing that over $146,000 was transferred from bank accounts of Maxum Gold to Bryan through 17 transactions in 2011 and 2012." *Id.* at 5.

After Plaintiff failed to comply with an administrative subpoena to produce relevant bank records and provide testimony to the SEC, Defendant filed a motion to compel Plaintiff to comply with the administrative subpoena in the Central District of California. *Id.* at 5. (citing to *SEC v. Bryan*, 13-CV-1870, C.D. Cal.).  On March 20, 2013, the Court issued an order requiring Plaintiff to show cause why an order compelling compliance with the subpoena should not be issued and ordered Plaintiff to appear before the Court.  [doc. # 4, P. 5].

Meanwhile, on January 29, 2013, Defendant issued a subpoena to U.S. Bank requesting Plaintiff's bank records, and according to Defendant, on the same day, sent Plaintiff "(1) the bank subpoena; (2) a letter detailing how Bryan can file a motion to quash the subpoena in district

court under the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. 3401 *et seq*. (RFPA); and (3) a motion to quash form for Bryan to complete and file in district court should she choose to file such a motion." *Id.*

On February 4, 2013, Plaintiff filed a motion to quash Defendant's subpoena in the 26th Judicial District Court, Bossier Parish, Louisiana, rather than in federal court. [doc. # 1-1, P. 1]. Defendant removed the matter to federal court on March 8, 2013. *See* [doc. # 1].

Plaintiff argues that the financial records sought by Defendant are not relevant to a legitimate law enforcement inquiry because "[n]either I, Alicia Bryan, nor my company, A&B Consulting LLC solicit, offer, buy, sell or trade any type of Securities. The bank account and funds in, from, to account have no connection to Securities." [doc. # 1-1, P. 3]. As stated *supra*, Defendant puts forth two arguments in opposition: (1) Plaintiff's motion is untimely or, in the alternative, (2) the records sought are relevant to a legitimate law enforcement investigation. *See* [doc. # 4]

## Analysis

The RFPA limits a government agency's power to issue subpoenas for the records of bank customers. 12 U.S.C. § 3401, *et. seq*. An agency may obtain a bank customer's records only if (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry; (2) the agency serves the customer with a copy of the subpoena, is notified of his right to object, and is provided the forms for filing objections with the Court; and (3) the customer does not challenge the subpoena within ten days of service or 14 days of mailing the subpoena. *Id*. § 3405. As stated by the Fifth Circuit:

> When reviewing an administrative subpoena, the court plays a 'strictly limited' role

> . . . For purposes of an administrative subpoena, the notion of relevancy is a broad one. An agency 'can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.' So long as the material requested 'touches a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant.

*Sandsend Financial Consultants v. Federal Home Loan Bank Board*, 878 F.2d 875, 879-82 (5th Cir. 1989) (citations omitted). With respect to the first requirement -- "that the records sought are relevant to a legitimate law enforcement inquiry" – the legislative history of the Act is clear that the ultimate burden of satisfying this requirement is on the Government. H.R.Rep.No.1383 at 53. The initial burden of production, however, is on the customer to offer proof of facts which show that either the documents requested have no connection with the subject matter of the investigation, that she has not committed any offense related to the investigation, or that she is the subject of harassment by the requests. *Id*; *see also Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C.1980). Ultimately, however, the burden is on the government authority to show that it has a demonstrable reason to believe the records sought contain information which will aid in a legitimate investigation of violations of law within its jurisdiction. H.R.Rep.No.1383 at 51.

In order to bring a challenge under the RFPA, the recipient of a subpoena must be a "customer" as defined by the statute. A customer is "an individual or a partnership of five or fewer individuals." 12 U.S.C. § 3401(4)-(5); *see also Hunt v. United States Sec. & Exchange Com.*, 520 F. Supp. 580, 601 (N.D. Tex. 1981). Thus, corporate entities, such as A&B Consulting, LLC, do not have standing to challenge a government subpoena under the statute. However, Plaintiff, as an individual, challenges the subpoena solely because her bank account has "no connection to securities." [doc. # 1-1, P. 3].

The Court finds that the materials are relevant to a legitimate law enforcement inquiry.

Defendant is investigating Plaintiff and her company for violation of antifraud and other provisions of the federal securities laws in connection with Maxum Gold. As stated above, Defendant alleges that Plaintiff has played a "critical role" in solicitation of investors for Maxum Gold's alleged Ponzi scheme and appears to be the "primary U.S. based facilitator." [doc. # 4, P. 4]. Significantly, Defendant states that it "possesses bank records of Maxum Gold evidencing that over $146,000 was transferred from bank accounts of Maxum Gold to Bryan . . ." *Id.* at 5. Moreover, Plaintiff fails to dispute Defendant's allegations and merely relies on a one sentence argument that her U.S. Bank account has "no connection" with securities. Accordingly, Plaintiff has failed to meet her initial burden of production, and therefore, her Motion to Quash [doc. # 1] must be denied.[3]

## Conclusion

For the foregoing reasons,

IT ORDERED that Plaintiff Alicia Bryan's Motion to Quash [doc. # 1] is **DENIED**.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 24th day of April, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] The undersigned need not determine whether Plaintiff's motion is timely under 12 USCS § 3405 as Plaintiff's motion fails on its merits.